Christian W. Hancock - 027744
BRADLEY ARANT BOULT CUMMINGS LLP
Hearst Tower
214 North Tryon Street, Ste. 3700
Charlotte, NC 28202
Telephone: (704) 338 6089
chancock@bradley.com

*Attorney for Defendants Paramount Residential Mortgage group, INC., and Cenlar FSB*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION**

| | |
|---|---|
| GEORGE CALCUT AND GERI CALCUT<br><br>          Plaintiffs,<br><br>v.<br><br>PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,<br><br>AND<br><br>CENLAR FSB<br>          Defendants. | Case No. _____<br><br><br><br>**NOTICE OF REMOVAL** |

Defendants Paramount Residential Mortgage Group, Inc. ("PRMG") and Cenlar FSB ("Cenlar") file this Notice of Removal pursuant to federal question and diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

**I.
INTRODUCTION**

1. On May 29, 2022, Plaintiffs George Calcut and Geri Calcut ("Plaintiffs") filed their Complaint in the Superior Court of the State of Arizona, Maricopa County, under cause No. CV2022-092295.

2. In the Complaint, Plaintiffs assert claims against PRMG and Cenlar for alleged

violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §2605, and Regulation X, and alleged violations of Arizona Consumer Fraud Act relating to the real property located at 6652 E. Virginia Street, Mesa, Arizona 85215. Plaintiffs also assert tort claims for negligent performance of an undertaking. Plaintiffs seek damages in excess of $75,000 each and attorneys' fees.

3. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendants are attached hereto and marked as **Exhibit A**.

## II.
## TIMELINESS OF REMOVAL

4. This lawsuit was filed on May 29, 2022. Defendant PRMG was served with summons on June 30, 2022. Upon information and belief, Defendant Cenlar was served on July 11, 2022. This Notice of Removal is therefore timely.[1]

## III.
## BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5. This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the Plaintiffs and Defendants are completely diverse in citizenship and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

*A. Complete Diversity Exists.*

6. Plaintiffs are citizens of Arizona, residing in Maricopa County, Arizona.[2]

---

[1] Each defendant has 30 days after receipt by or service on that defendant of the initial pleading or summons. 28 U.S.C. § 1446.
[2] *See* Pls.'s Compl. at ¶ 1.

7. Defendant PRMG is a company domiciled in California, with its principal place of business in the City of Corona, California.

8. Defendant Cenlar is federal savings bank with its principal place of business in Ewing, New Jersey. A federal savings bank is a citizen of the State in which it has its home office.[3]  Accordingly, Cenlar is a citizen of New Jersey for diversity purposes.

9. Because Plaintiffs are of Arizona and neither PRMG or Cenlar are citizens of Arizona, complete diversity of the Parties exists.

**B. The Amount in Controversy Exceeds $75,000**

10. 28 U.S.C. § 1332 provides, in pertinent part, the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . .citizens of different states."[4]

11. In the Complaint, Plaintiffs seek an award of "a total sum of actual damages, attorney fees, and costs to [Plaintiffs] equal to a sum in excess of $75,000 each under RESPA and Regulation X."[5]

12. Here, both requirements for diversity jurisdiction under 28 U.S.C. § 1332 are satisfied under the Complaint.

## IV.
## FEDERAL QUESTION JURISDICTION

13. Removal is proper because this case is a civil action involving a federal question. Plaintiff brings an explicit claim for violations of the Real Estate Settlement Procedures Act

---

[3] 12 U.S.C. § 1464(x).
[4] 28 U.S.C. § 1332(a)(1).
[5] *See* Pls.'s Compl. at ¶ 73; *see also Id.* at ¶ 83.

DLI-266498055v7

- 3 -

a federal statute, and Regulation X, over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.[6]

14. Further, under 28 U.S.C. § 1367(a), a district court has supplemental jurisdiction over other claims that are or would be part of the same "case or controversy." Stated differently, a district court has or would have supplemental jurisdiction over state law claims that arise from a common nucleus of operative facts.[7] Therefore, this Court has jurisdiction over all state law claims the Plaintiffs allege in their Complaint.

## V.
## VENUE

15. Removal is proper to this United States judicial district under 28 U.S.C. § 1441(a), because this district embraces the Superior Court of the State of Arizona, in and for the County of Maricopa, the forum in which the removed action was pending.

## VI.
## ADDITIONAL REQUIREMENTS

16. Contemporaneously with the filing of this Notice, Defendants will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of Arizona, in and for the County of Maricopa. Written notice of the filing of this Notice of Removal has also been served upon Plaintiffs.

---

[6] *See* Pls.'s Compl. at ¶¶ 64–73. *See Jones v. Wells Fargo Bank,* No. CV-11-197-PHX-DGC, 2011 WL 13233562, at *1 (D. Ariz. Apr. 28, 2011) (finding that a case becomes removable when the plaintiff asserts claims under RESPA and TILA.)

[7] *See Erickson v. Countrywide Home Loans Inc.,* 540 F. App'x 799, 800 (9th Cir. 2013) (denial of motion to remand was proper because state law claims that were part of the same case or controversy as federal claims.)

DLI-266498055v7

- 4 -

WHEREFORE, Defendants Paramount Residential Mortgage Group, Inc. and Cenlar FSB pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Superior Court of the State of Arizona in and for the County of Maricopa, to the United States District Court for the District of Arizona, Phoenix Division.

Respectfully submitted,

s/ Christian W. Hancock
Christian W. Hancock #027744
BRADLEY ARANT BOULT CUMMINGS LLP
chancock@bradley.com
Truist Center
214 North Tryon Street
Ste 3700
Charlotte, NC 28202
(704) 338-6116 (Phone)
(704) 338-6089 (Facsimile)

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and also served the foregoing by electronic mail on the following:

**Justin Johanson, Esq.**
21920 E. Pegasus Parkway
Queen Creek, Arizona 85142
Phone: (480) 845-2030
Jjohanson1129@gmail.com

/s/ Christian W. Hancock
OF COUNSEL

DLI-266498055v7

- 6 -