# EXHIBIT H

Justin Johanson, Esq.
Arizona Bar No. 033329
21920 E. Pegasus Parkway
Queen Creek, Arizona 85142
P: (480) 845-2030
jjohanson1129@gmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

George Calcut, *et al.*,

Plaintiffs

v.

Paramount Residential Mortgage Group,

Incorporated, *et al.*,

Defendants

No. CV-22-01215-PHX-JJT

## PLAINTIFFS' SECOND SUPPLEMENTNAL RESPONSES TO DEFENDANT CENLAR'S FIRST SET OF INTERROGATORIES

Plaintiffs George and Geri Calcut, by and through their undersigned counsel hereby serve their Third Supplemental Responses to Defendant Cenlar's First Set of Interrogatories.

## GENERAL OBJECTIONS, LIMITATIONS & INCORPORATIONS

A.  The information contained in these Responses is being provided in accordance with the provisions and intent of the Federal Rules of Civil Procedure which require the disclosure of all facts which may be relevant or may lead to the discovery of relevant information. Accordingly, the party answering these Interrogatories, by providing the information requested, does not waive objection to its admission in evidence or grounds

1

for objection.

B.  The information supplied in these Responses is not based solely on the knowledge of the executing party, but includes knowledge of the party, the party's agents, representatives, and attorneys, unless privileged.

C.  The word usage and sentence structure may be that of the attorney assisting in the preparation of these Responses, and thus, does not necessarily purport to be the particular language of the executing party.

D.  These Responses are subject to supplementation.

E.  The Interrogatories have been interpreted and answered in accordance with the Federal Rules of Civil Procedure, plain English usage, and to the extent not specifically challenged by objection, the definitions and instructions included with the Requests.

F.  Plaintiffs generally object to the Interrogatories to the extent that they are overly broad, impermissibly vague, and fail to describe the information sought with reasonable particularity.

G.  Plaintiffs generally object to the Interrogatories to the extent they seek information that is not reasonably calculated to lead the discovery of admissible evidence in this case.

H.  Plaintiffs generally object to the Interrogatories to the extent they seek the disclosure of information that:

   (i)  is subject to the attorney-client privilege;
   (ii) constitutes trial preparation material or other work-product material as defined by the Federal Rules of Civil Procedure and Evidence;
   (iii) constitutes confidential information; and
   (iv) is subject to any other applicable privilege under federal or state law.

I.  Plaintiffs generally object to the Interrogatories to the extent that they seek information that is already in the possession, custody or control of Defendant(s) and its agents, affiliates and/or principals, or is publicly available from other sources.

J.  Plaintiffs generally object to the extent the Interrogatories are inconsistent with the requirements of the Federal Rules of Civil Procedure.

K.  Plaintiffs generally object to the extent the Requests falsely assume Plaintiffs were then aware of Defendants' omission they know occurred.

2

L.  Plaintiffs generally object, since this matter largely concerns the Defendant's omissions and concealment of certain matters, to provide information that is more readily available to Defendant(s) than it is to the Plaintiffs, and because requiring Plaintiffs to answer would enlist the service of Plaintiffs and Plaintiffs' counsel in the preparation of Defendants' case.

## SUPPLEMENTAL RESPONSES TO INTERROGATORIES

## INTERROGATORY NO. 1:

Please identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support a position that you have taken or intend to take in this Action, including any claim for damages, and state the subject matter of the information possessed by that person.

**RESPONSE: Plaintiffs object to the extent the request seeks information that is protected by attorney work product or another privilege or immunity. Plaintiffs further qualify their response to the extent discovery has just begun, and this interrogatory is subject to supplementation. Without waiving these objections, Plaintiffs respond by identifying the following categories of persons who may have knowledge of the facts alleged in Plaintiff's complaint:**

- **Plaintiffs – Knowledge of the allegations contained in the Complaint and of their individual damages.**

- **Representatives of the Defendants – Knowledge of their action described in the complaint. Knowledge of the Plaintiffs' mortgage account, the CARES act forbearance, PRMG's and Cenlar's practices in reinstating the loan after the forbearance ended, and their credit reporting practices following a CARES act forbearance. This information would include any account agreements, servicing notes, correspondence, the actions of its employees, standard servicing manuals and practices, and other account documents in the loan file related to Plaintiffs' mortgage account.  Additionally, the following employees of the Defendants may have discoverable information of the above:**

    1. **Christy Christensen – knowledge of PRMG's and Cenlar's servicing practices with respect to Plaintiffs' loan.**

3

1

2. **Employee Ms. McQueen (#218215) – knowledge of the phone conversation with George Calcut on or about April 30, 2021 as described in ¶ 37 of the Complaint.**

2

3

3. **Employee – Ms. Jenkins (#41567) knowledge of the phone conversation with George Calcut on or about May 10, 2021 as described in ¶ 39 of the Complaint.**

4

5

4. **Employee Berhar or Burgin (Agent ID No. #8597) – knowledge of the phone conversation with George Calcut on May 28, 2021 as described in ¶ 43 of the Complaint.**

6

7

5. **Employees Ms. Johnson (#40121), Ms. Powell (#8533), Mr. Hurtado (#3778), and customer service agent "Joan" – knowledge of the phone conversations with Plaintiffs between June 12-14, 2021 as described in ¶¶ 46-49 of the Complaint.**

8

9

10

6. **Other employees of PRMG and/or Cenlar – knowledge of phone conversations with Plaintiffs between July 17, 2021 and October 5, 2021 concerning Plaintiffs' post-forbearance payments, Defendants' negative credit reporting, and Defendants' representation that the credit reporting issue would be corrected. These individuals include Ms. Davis (# 65438); Ms. Simmons (#SAD25836), Elyssa or Alyssa (#LM701), Ms. Contreras (#5816), Michelle (#unknown) Ms. Evans (#6594).**

11

12

13

14

7. **Other employees of PRMG and/or Cenlar – knowledge of phone conversations with Plaintiffs between August 18, 2021 and October 4, 2021 concerning Plaintiffs' Loan modification, payment increase, interest rate increase, and modification options. These individuals include Ms. Cordova (#1147), Davis (#4957), and an unknown employee (#5409).**

15

16

17

18

19

- **Consumer Financial Protection Bureau - Knowledge of Plaintiffs' complaint concerning PRMG and Cenlar's credit reporting practices concerning the loan; and knowledge of PRMG and Cenlar's response.**

20

21

- **Equifax Information Services, LLC, TransUnion, LLC, and Experian Information Solutions, Inc. - Knowledge of the negative credit information about the Plaintiffs furnished by PRMG and Cenlar.**

22

23

- **Synchrony Bank - Knowledge of Plaintiffs' credit scores reduced by the negative information PRMG and Cenlar furnished to the credit reporting agencies and actions taken by Synchrony in response thereto.**

24

25

- **Citibank - Knowledge of Plaintiffs' credit scores reduced by the negative information PRMG and Cenlar furnished to the credit reporting agencies and actions taken by Citibank in response thereto.**

26

27

28

4

- **Other potential mortgage lenders to whom Plaintiffs applied or conferred for the purpose of refinancing their mortgage loan including New American Funding, LoanDepot.com, LLC, and United Trust Bank.**
- **Office of the Comptroller of the Currency ("OCC") – Knowledge of the facts, findings and actions taken by the OCC which led to the Consent Order between the OCC and Cenlar FSB dated October 26, 2021 and knowledge of the facts, findings and actions taken by the OCC which led to the Interpretive Letter to Cenlar FSB's board of Directors dated February 11, 2022.**
- **Department of Veterans Affairs – Knowledge of VA loan policies and procedures, modification options, and the COVID-19 Veterans Assistance Partial Claim Payment program (COVID-VAPCP).**
- **Dr. Ira Ungar and Dr. Jessica Heintz at Honor Health Medical Group**
- **Dr. Pat White Psychiatrist.**
- **Laurie Cathers at Psychological Pathways (therapist).**
- **Other PRMG and Cenlar FSB borrowers who can testify about the pattern and practice of each company's mortgage servicing abuses related to RESPA. In particular other PRMG and Cenlar VA loan borrowers who also were damaged by the negative, false credit reporting and not properly informed about the COVID-VAPCP options and instead were steered by PRMG and Cenlar to loss mitigation options which permitted them to increase their profits off the backs of Veterans.**

**FIRST SUPPLEMENTAL RESPONSE:**

In further response to this Interrogatory Plaintiffs state that their daughter Kristin Betz, 10557 E. Balmore Ave, Mesa, AZ 85208. (480)338- 85208. Ms. Betz observed the emotional distress of both Mr. and Mrs. Calcut including physical manifestations such as Mrs. Calcut's threats of suicide, isolation by both from other family members, Mr. Calcut's weight loss, the couple's depression, and anxiety and worry. In addition, Ms. Betz has observed changes in the Plaintiff's relationship with each other during their experiences with the Defendants. Finally, Ms. Betz has some knowledge of the forbearance and modification efforts of the Plaintiffs and subsequent refinance.

**SECOND SUPPLEMENTAL RESPONSE:**

In further response to this Interrogatory Plaintiffs state that their daughter Lori Murray 10660 E. Willow Drive, Cornville, AZ  86325. Ms. Murray observed the emotional distress of both Mr. and Mrs. Calcut including physical manifestations such as Mrs. Calcut's threats of suicide, isolation by both from other family members and Mr. Calcut's tearfulness and withdrawal from the family, and general moodiness.  In

5

addition, Ms. Murray has observed changes in the Plaintiffs' relationship with each other during their experiences with the Defendants.

**THIRD SUPPLEMENTAL RESPONSE:**

In further response to this Interrogatory Plaintiffs state that the following individuals have information regarding PRMG and/or Cenlar's pattern and practice of violating RESPA:

a.      In litigation pending in the United States District Court for the Middle District of Louisiana (Case No. 3:18-cv-00582), it has been disclosed that Cenlar (i) failed to adequately communicate with multiple borrowers concerning damage and insurance claims that "exposed" Cenlar's private label client to "penalties" under Federal laws, including RESPA and its regulation, by misrepresenting the terms of forbearance agreements, dual tracking borrowers to foreclosure while in loss mitigation, failing to timely respond to borrowers qualified written requests and error resolution notices, assessment of improper law fees, and failure to suppress credit reporting.  See Supplemental and Amended Complaint, GMFS, LLC v. Cenlar FSB (Doc. 84).

b.      Attorney Thomas Cox. Mr. Cox previously represented a residential borrower from the State of Maine, i.e., William Morgan (property address 8 Old Orchard Road, 04064), who assisted Mr. Morgan in writing qualified written requests to CMG/Cenlar and has information that  Cenlar on behalf of CMG (i) failure to respond to respond to borrower qualified written requests, notices of error, and requests for information subject to § 2605(e) and its related regulations, (ii) failure to timely cure or respond to borrower error notices to it subject to § 2605(k)(1)(C), and (iii) other examples of failure to make timely and accurate payments from borrower escrow accounts.

c.      In litigation pending in the United States District Court for the District of Maryland (Case No. SAG-22-1098), Cenlar acting on behalf of another responded to a Tonda Baxter's QWR/NOE in backdated correspondence and failed to make a reasonable investigation into her disputes about its unfair forced placed insurance practices, claimed inaccurate sums were due on the loan, and claimed a right to impose and collect fees barred by law and the loan documents.

d.      In litigation pending in the United States District Court for the Eastern District of Pennsylvania (Case No. 2:21-cv-05381-NIQA), Cenlar became the undisclosed mortgage servicer of the Bryant Walker's mortgage loan and (i) immediately began to attempt to demand and collect sums from him which were not owed.  Cenlar, using the name of another, admitted to that borrower that his loan was "incorrectly boarded into

6

[its] system upon acquisition, as well as corrections to the applications of [his] payments" and (ii) threatened foreclosure automatically without the right to do so even though it knew it had no right to do so in violation of § 2605(k) of RESPA.

e.      Consumer Financial Protection Bureau Complaints against PRMG and/or Cenlar involving multiple § 2605(k)(1)(C) & (E) violations of which PRMG/Cenlar chose not to publish its response to the public complaints. Including those produced with Bates stamps Calcut 001255 - 1271.

f.      OCC October 26, 2021 Consent Order in which the OCC found that Cenlar failed to establish effective controls and risk management practices related to Cenlar's mortgage servicing and subservicing activities including those related to this action.

g.      Christy Hancock, who authored "Department of Veterans Affairs Expands Its Limited-Time COVID-19 Mortgage Relief Options" published on the National law review website (https://www.natlawreview.com/article/department-veterans-affairs-expands-its-limited-time-covid-19-mortgage-relief) on August 3, 2021.

Dated this 3rd day of June, 2023

/s/ Justin Johanson
Justin Johanson, Esq.
Johanson Parker, LLC
21920 E. Pegasus Parkway
Queen Creek, Arizona 85142
(480) 845-2030
jjohanson1129@gmail.com


/s/Brent S. Snyder
Brent S. Snyder
Admitted Pro Hac Vice
2125 Middlebrook Pike
Knoxville, TN 37921-5855
(865) 546-2141
Brentsnyder77@gmail.com


/s/ Phillip Robinson
Phillip R. Robinson

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Admitted Pro Hac Vice
Consumer Law Center, LLC
10125 Colesville Rd., Suite 378
Silver Spring, MD 20901
(301) 448-1304
phillip@marylandconsumer.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing was sent to counsel for the Defendants by electronic email (by agreement) on the 3rd day of June, 2023.

:

/s/      Brent S. Snyder
Brent S. Snyder, Attorney for Plaintiff

8