# EXHIBIT A-9

# EXHIBIT "A"

LOT 108, OF MOUNTAIN VIEW, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA, RECORDED IN BOOK 472 OF MAPS, PAGE 43;

EXCEPT ALL GAS, OIL, METAL AND MINERAL RIGHTS, AS RESERVED IN PATENT FROM THE STATE OF ARIZONA.

PARCEL NUMBER: 141-93-831

OFFICIAL RECORDS OF
MARICOPA COUNTY RECORDER
STEPHEN RICHER
20211205759  11/10/2021  09:38
ELECTRONIC RECORDING

5724213-8-1-1--
amine

**After Recording Return To:**
RUTH RUHL, P.C.
Attn: Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____

Loan No.: ███████                                                                                   VA Case No.: ███████2662
Investor Loan No.: ███████
MERS No.: 1004247 1000373888 7                                                      MERS Phone: 1-888-679-6377

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ("Agreement"), made this 31st day of August, 2021, between GEORGE A CALCUT and GERI M CALCUT, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP ("Borrower/Grantor") and Paramount Residential Mortgage Group, Inc., whose address is 425 Phillips Blvd, Ewing, New Jersey 08618 ("Lender/Grantee"), and Mortgage Electronic Registration Systems, Inc. ("MERS") ("Beneficiary"), amends and supplements (1) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") dated April 17th, 2020, granted or assigned to Mortgage Electronic Registration Systems, Inc. as beneficiary of record (solely as nominee for Lender and Lender's successors and assigns), P.O. Box 2026, Flint, Michigan 48501-2026 and recorded on April 22nd, 2020, in Mortgage Book N/A, Page N/A, Instrument No. 20200342952, Official Records of MARICOPA County, Arizona, and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in said Security Instrument and defined therein as the "Property," located at 6652 E VIRGINIA STREET, MESA, Arizona 85215,

Loan No.: 

the real property described being set forth as follows:
SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of November 1st, 2021, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $ 255,621.04, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of 3.375%, from October 1st, 2021. Borrower promises to make monthly payments of principal and interest of U.S. $ 1,130.09, beginning on the 1st day of November, 2021, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of 3.375% will remain in effect until principal and interest are paid in full. If on October 1st, 2051, (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, the Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the specified date in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

Loan No.: ▮▮▮▮▮

5. Borrower understands and agrees that:

(a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

(f) Borrower authorizes Lender, and Lender's successors and assigns, to share Borrower information including, but not limited to (i) name, address, and telephone number, (ii) Social Security Number, (iii) credit score, (iv) income, (v) payment history, (vi) account balances and activity, including information about any modification or foreclosure relief programs, with Third Parties that can assist Lender and Borrower in obtaining a foreclosure prevention alternative, or otherwise provide support services related to Borrower's loan. For purposes of this section, Third Parties include a counseling agency, state or local Housing Finance Agency or similar entity, any insurer, guarantor, or servicer that insures, guarantees, or services Borrower's loan or any other mortgage loan secured by the Property on which Borrower is obligated, or to any companies that perform support services to them in connection with Borrower's loan.

Borrower consents to being contacted by Lender or Third Parties concerning mortgage assistance relating to Borrower's loan including the trial period plan to modify Borrower's loan, at any telephone number, including mobile telephone number, or email address Borrower has provided to Lender or Third Parties.

By checking this box, Borrower also consents to being contacted by text messaging ⭕.

(g) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. **MERS is the Beneficiary of record under the Security Instrument and this Agreement.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

6. If applicable, by this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligations to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called "Escrow Items." Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay

Loan No.: ███

directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase "covenant and agreement" is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under the Real Estate Settlement Procedures Act ("RESPA"), and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund Borrower any Funds held by Lender.

| Date | Borrower |
|---|---|
| 9-15-2021 | _/s/ George A Calcut_ (Seal) GEORGE A CALCUT —Borrower |
| 9-15-2021 | _/s/ Geri M Calcut_ (Seal) GERI M CALCUT —Borrower |
| | _____(Seal) —Borrower |
| | _____(Seal) —Borrower |

ARIZONA LOAN MODIFICATION AGREEMENT                                                                                                Page 4 of 7
(FNMA Modified Form 3179 1/01 (rev. 06/18)

Loan No.: [REDACTED]

## BORROWER ACKNOWLEDGMENT

State of **Arizona** §
§
County of **Maricopa** §

On this **15th** day of **September**, **2021**, before me, **Tanya L Wilson** [name of notary], a Notary Public in and for said state, personally appeared GEORGE A CALCUT and GERI M CALCUT

[name of person acknowledged], known to me to be the person who executed the within instrument, and acknowledged to me that he/she/they executed the same for the purpose therein stated.

(Seal)

_____
Notary Signature

**Tanya L Wilson**
Type or Print Name of Notary

Notary Public, State of **Arizona**

My Commission Expires: **July 2, 2023**

TANYA L WILSON
Notary Public - Arizona
Maricopa County
Commission # 564665
My Comm. Expires Jul 2, 2023

ACKNOWLEDGMENT (ARIZONA)                                                                 Page 5 of 7

Loan No.: ▮▮▮▮

9/23/21
-Date

Paramount Residential Mortgage Group, Inc.
-Lender

By: *[signature]*

Printed/Typed Name: ~~Felice Jones~~

Its: ~~Vice President Document Execution~~ *

*Vice President Document Execution

## LENDER ACKNOWLEDGMENT

State of New Jersey §
County of Mercer §

On this 23 day of September, 2021, before me, Anabel Hoffman *[name of notary]*, a Notary Public in and for said state, personally appeared Felice Jones, V/P Doc. Execution of Paramount Residential Mortgage Group, Inc.

, Lender,

personally known to me to be the person who executed the within instrument on behalf of said entity, and acknowledged to me that he/she/they executed the same for the purpose therein stated.

(Seal)

*[signature]*
Anabel Hoffman     Notary Signature

ANABEL HOFFMAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 7, 2024
ID# 50104268

Type or Print Name of Notary
ANABEL HOFFMAN
NOTARY PUBLIC OF NEW JERSEY
Notary Public, State My Commission Expires May 7, 2024
ID# 50104268

My Commission Expires: 05/07/2024

Loan No.: [REDACTED]

9/23/21
-Date

Mortgage Electronic Registration Systems, Inc.
as nominee for Lender, its successors and    -MERS
assigns

By: _____

Printed/Typed Name: **Felice Jones**

Its: Assistant Secretary

## MERS ACKNOWLEDGMENT

State of New Jersey §
§
County of Mercer §

On this 23 day of September, 2021, before me, Anabel Hoffman *[name of notary]*, a Notary Public in and for said state, personally appeared Felice Jones, Assistant Secretary of Mortgage Electronic Registration Systems, Inc., as nominee for Lender, its successors and assigns, personally known to me to be the person who executed the within instrument on behalf of said entity, and acknowledged to me that he/she/they executed the same for the purpose therein stated.

(Seal)

_____
Notary Signature
Anabel Hoffman

ANABEL HOFFMAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 7, 2024
ID# 50104268

Type or Print Name of Notary
Notary Public, State ANABEL HOFFMAN
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires May 7, 2024
ID# 50104268
My Commission Expires: 05/07/2024

ACKNOWLEDGMENT (ARIZONA)                                                                 Page 7 of 7