Christian W. Hancock - 027744
BRADLEY ARANT BOULT CUMMING LLP
Truist Center
214 North Tryon Street, Ste. 3700
Charlotte, NC 28202
Telephone: (704) 338 6089
chancock@bradley.com

G. Benjamin Milam *(Pro Hac Vice)*
BRADLEY ARANT BOULT CUMMING LLP
Truist Center
214 North Tryon Street, Ste. 3700
Charlotte, NC 28202
Telephone: (704) 338-6000
bmilam@bradley.com

*Attorneys for Defendants Paramount Residential Mortgage Group, INC., and Cenlar FSB*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| George Calcut, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Paramount Residential Mortgage Group Incorporated, *et al.*, <br><br> Defendants. | Case No. 2:22-cv-01215 <br><br> **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE OR STRIKE DEFENDANTS' EXPERT DISCLOSURE OF NON-RETAINED EXPERT RAYMOND CRAWFORD** |

Defendants, Paramount Residential Mortgage Group Inc. and Cenlar FSB ("Defendants"), file this Objection and Response to Plaintiffs George Calcut and Geri Calcut's ("Plaintiffs") Motion to Exclude or Strike Defendants' Expert Disclosure of Non-Retained Expert Raymond Crawford ("Mr. Crawford) [Doc 47]. Defendants request this Court deny Plaintiffs' Motion, and would respectfully show as follows:

**INTRODUCTION**

Mr. Crawford was previously designated as Cenlar's corporate representative under Rule 30(b)(6) and was deposed by Plaintiffs on March 31, 2023. On April 7, 2023, Defendants additionally disclosed Mr. Crawford as a non-retained expert witness to rebut

- 1 -

the testimony of Plaintiff's designated expert, Thomas Tarter, who seeks to testify regarding purported errors in the handling of Plaintiffs' loan modification and investigation of Plaintiffs' credit reporting dispute. Should Mr. Tarter's opinion testimony be allowed by the Court, Mr. Crawford will provide rebuttal testimony to show that Cenlar acted in accordance with industry standards in offering and implementing a VA Disaster Modification for Plaintiffs' loan and by making corrections to credit reporting for Plaintiff's loan.

Defendant's Motion to exclude Mr. Crawford as a non-retained rebuttal expert is meritless and should be denied. Under Federal Rule 26(a)(2)(C), there is no duty to produce a written report for a non-retained expert such as Mr. Crawford. Second, Defendants' disclosures sufficiently identify Mr. Crawford's opinions and his expected testimony, which concern subjects about which Plaintiffs questioned Mr. Crawford extensively during his March 31, 2023 deposition. Although Plaintiffs had ample opportunity, they neither requested additional disclosures nor sought to re-depose Mr. Crawford regarding his expert opinions. Based on more than a decade of experience in the mortgage servicing industry, Mr. Crawford is more than qualified to rebut Plaintiff's purported expert testimony regarding mortgage servicing. Therefore, this Court should deny Plaintiff's motion to strike the expert disclosure as to Mr. Crawford. In the alternative, should this Court find that additional disclosures are required, Defendants request this Court permit the opportunity to supplement their disclosures.

# ARGUMENT AND AUTHORITIES

**I.   Defendants are not required to provide an expert report from Ray Crawford as a non-retained expert.**

Plaintiffs argue that Mr. Crawford was required to provide an expert report, invoking cases involving testimony from treating physicians. Defendants disclosed Mr. Crawford as a non-retained expert under Rule 26(a)(2)(C) and his testimony is therefore exempt from Rule 26(a)(2)(B)'s written report requirement. *See Alsadi v. Intel* Corp., No. CV-16-03738-PHX-DGC, 2020 WL 4035169, at *13 (D. Ariz. July 17, 2020). Only those witnesses who are "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" must produce a report. *Roosevelt Irrigation Dist. v. United States*, No. CV-15-00448-PHX-JJT, 2019 WL 1087939, at *4 (D. Ariz. Mar. 7, 2019). "A written report doesn't need to accompany the disclosure of an expert witness who isn't retained or specially employed to provide expert testimony." *Excel Fortress Ltd. v. Wilhelm*, No. CV-17-04297-PHX-DWL, 2019 WL 163252, at *5 (D. Ariz. Jan. 9, 2019).   Because Mr. Crawford has not been retained to provide expert testimony, nor do his duties as Cenlar's employee regularly involve the giving of expert testimony, no written report is necessary.

**II.   Ray Crawford's facts and opinions as an expert have been sufficiently identified.**

Defendants' disclosures provide sufficient information regarding Mr. Crawford's expected testimony. Defendants were required to submit a disclosure which contained the subject matter of the expert testimony and a summary of the facts and opinions on which Mr. Crawford would testify.  These disclosures do not require "undue detail," but simply a

- 3 -

summary of the facts and opinions the expert is expected to provide. *Lambert v. Liberty Mut. Fire Ins. Co., No.* 2:14-CV-00521 JWS, 2016 WL 3193252, at *2 (D. Ariz. June 9, 2016).

The court's decision in *Roosevelt Irrigation* illustrates that non-retained expert disclosures are not required to be made in excessive detail. The Court in that case found disclosures sufficient based on the following concise description of the non-retained expert's opinions: that certain wells were "constructed for authorized Project purposes" and were "integral to the operation of the Salt River Federal Reclamation Project," and that the United States "has a legal interest in those facilities." 2019 WL 1087939, at *4.

Defendants have disclosed that Mr. Crawford will rebut Thomas Tarter's testimony by testifying that "Cenlar and PRMG have acted reasonably in connection with the matters alleged in the Complaint and in compliance with industry standards." Specifically, Mr. Crawford will testify "on matters relating to the servicing of the loan at issue in this case, including [ ] Cenlar's handling of loss mitigation activity for the subject loan, Cenlar's credit reporting, and correction of credit reports to consumer reporting agencies, Cenlar and PRMG's responses to Plaintiffs' inquires and complaints, and any industry standards that may be applicable to these activities." Defendants likewise disclosed the factual basis for this opinion, stating that Mr. Crawford had reviewed the loan documents produced by Cenlar. In designating Mr. Crawford's rebuttal testimony, Defendants do not concede that any industry standards are in fact relevant to a determination of the claims in this case.

Defendants' disclosures should also be considered in relation to the disclosures provided by the proposed expert whom Mr. Crawford will rebut, Thomas Tarter. Mr.

Tarter's expert report is verbose but light on substance. Despite making sweeping pronouncements that Defendants violated "industry standards," the only standards that Mr. Tarter actually identifies in his report are "Maintain files and records in a professional manner," "Be honest with a borrower," "Good faith and fair dealing with potential borrowers and then with borrowers," and "Compliance with laws and regulations." [*See* Tarter Expert Report, Doc. 49-1 at p.11.] Given these nebulous and non-specific pronouncements that could apply to virtually any mortgage servicing dispute, Plaintiffs cannot reasonably insist that Defendants anticipate the need for rebuttal testimony with greater specificity.

**III.    Any inadequacies in disclosures are harmless because Plaintiffs have had sufficient opportunity to depose Mr. Crawford regarding the basis for his opinions.**

To the extent this Court finds Defendants' disclosures of Mr. Crawford deficient, Mr. Crawford should nonetheless be allowed to testify because any such deficiency would be harmless. Fed. Rule Civ. Pro 37(c)(1); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001). Any deficiency in disclosures "is harmless when there is no prejudice to the party entitled to the disclosure." *Ditko v. Fabiano Commc'ns Inc.*, No. CV-19-04442-PHX-MTL, 2020 WL 4933627, at *3 (D. Ariz. Aug. 24, 2020), aff'd, No. 20-16855, 2021 WL 5447021 (9th Cir. Nov. 22, 2021) (citing *Taft v. Am. Family Mut. Ins. Co.*, No. CV-11-2599-PHX-SMM, 2013 WL 5498226, at *3 (D. Ariz. Oct. 1, 2013)).

Here, Plaintiffs' deposed Mr. Crawford on March 31, 2023. Plaintiffs' 30(b)(6) notice identifies topics relating to Cenlar's handling of loss mitigation, corrections to credit reporting, and responses to Plaintiffs' CFPB complaints. *See* **Ex. A**. In the deposition,

Plaintiff's counsel questioned Mr. Crawford about his more than a decade of experience working with Cenlar, and questioned him extensively regarding Cenlar's handling of Plaintiffs' loan modification and its corrections to credit reporting. After Defendants disclosed Mr. Crawford as a non-retained rebuttal expert, Plaintiffs did not request additional disclosures, nor did they seek to re-depose Mr. Crawford following the expert designation. This is presumably because Plaintiffs recognized that they obtained sufficient information regarding Mr. Crawford's opinions from Defendants' disclosures and testimony at the 30(b)(6) deposition. Even now, the only deficiencies Plaintiffs point to in Mr. Crawford's testimony are a few questions that seek legal opinions or information that is at best tangential to the issues in dispute.

Having received ample information about Mr. Crawford's opinions and the factual basis for them, Plaintiffs cannot now claim Defendants' disclosures somehow caused them prejudice. Therefore, even if this Court where to find Defendants' disclosures were insufficient, this would not warrant preclusion of the expert witness.

**IV. Mr. Crawford should not be faulted for answers to questions seeking legal opinions or concerning topics that Plaintiffs did not identify in their Notice of 30(b)6) Deposition.**

Plaintiffs complain in their motion that Mr. Crawford did not know answers to some of the questions asked of him at the deposition, but fail to acknowledge that these questions concern information that was not specified in their notice of deposition and designated 30(b)(6) topics. In their deposition notice, Plaintiffs included topics broadly seeking testimony about Cenlar's procedures for implementation of the VA Partial Claims Program

- 6 -

4873-7583-1150.3

("VAPCP").[1]  Cenlar was not required by VA regulations to offer the VAPCP and, as Mr. Crawford testified, in fact did not begin to offer the program until October 2021, after Plaintiffs had completed a trial payment plan and received a VA Disaster Modification. This was the only fact concerning the program of relevance to the issues in dispute in this case.

Nevertheless, in their Motion, Plaintiffs complain that Mr. Crawford did not know answers to various questions not specified in their 30(b)(6) topics, including: (1) "How much time Cenlar gets to make a V.A. Program to borrowers after the V.A. makes it effective," (2) "Who gets to decide that time frame," (3) "Whether the V.A. has any rules or servicing guidelines or anything else that provides Cenlar a specific amount of time to begin offering new V.A. loss mitigation options," (4) "When Cenlar became aware that the V.A. was introducing new options for borrowers coming out of Covid forbearance," and (5) "Whether Cenlar was aware prior to July 23, 2021 that the V.A. was introducing new options for V.A. Borrowers."

The first three questions concern matters of law that are not appropriate for either a 30(b)(6) designee or an expert.  Indeed no witness could reasonably have answered these questions in light of the fact that the VAPCP program was never mandatory for servicers.[2] The final two questions regarding the precise timing of Cenlar's knowledge of VA loss

---

[1] A copy of Plaintiffs' 30(b)(6) notice and proposed deposition topics is attached as **Exhibit A**.

[2] As more fully described in the Memorandum of Law in Support of Defendants' Motion for Summary Judgment [Doc 50-1], the VA declined to make the VAPCP program mandatory and stated that a servicer instead had the option to offer the program along with other home retention options.  *See* 86 FR 28692-01 at 28695.

mitigation options are not relevant to any of the claims in this case but if Plaintiffs believed otherwise, they should have been disclosed in the noticed 30(b)(6) topics so that Cenlar could prepare its witness accordingly. Plaintiffs cannot complain that Mr. Crawford was unable to answer questions on subjects that were not reasonably identified in their deposition notice.

### V. If the Court finds that Defendants' non-retained expert witness disclosures are inadequate, the appropriate remedy is compelling Defendants to supplement their disclosures.

To the extent this Court finds Defendants' disclosures insufficient, Defendants request that the Court allow Defendants to supplement their initial non-retained Expert Disclosures. *See Excel Fortress Ltd. v. Wilhelm,* No. CV-17-04297-PHX-DWL, 2019 WL 163252, at *6 (D. Ariz. Jan. 9, 2019) (finding that an order compelling the disclosing party to provide additional disclosures was an appropriate remedy for inadequate disclosures under Rule 26(a)(2)(C)). This is especially true where Plaintiffs did not previously object to the sufficiency of Defendants' rebuttal expert disclosures, and Plaintiffs have previously been permitted to serve late expert disclosures by the Court [*see* Order, Doc 36].

### VI. Mr. Crawford is sufficiently qualified to testify as a non-retained expert witness.

An expert qualified by experience may testify in the form of opinion if his or her experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed.R.Evid. 702. Mr. Crawford is well qualified to testify regarding his knowledge of mortgage servicing and rebut the opinions of Plaintiffs' expert, Thomas Tarter. Mr.

Crawford has extensive knowledge and experience with the mortgage servicing industry based on more than a decade of working in the industry.[3] Mr. Crawford has also familiarized himself with the facts of this case through his review of Cenlar's loan records. If Plaintiff's expert, Mr. Tarter, is permitted to offer testify regarding industry standards based on his extremely limited experience with mortgage servicing, loss mitigation, and credit disputes, Mr. Crawford should be permitted to provide rebuttal testimony regarding Defendants' compliance with industry standards.

## CONCLUSION

For the reasons set forth herein, Defendants Paramount Residential Mortgage Group Inc. and Cenlar FSB ask the Court DENY Plaintiffs' Motion to Exclude or Strike Defendants' Expert Disclosure of Non-Retained Expert Raymond Crawford. In the alternative, Defendants request this Court allow Defendants to supplement their non-retained expert disclosures, and for such and other relief as they may be justly entitled.

Respectfully submitted this 7th day of July, 2023.

s/ G. Benjamin Milam
G. Benjamin Milam *(Pro Hac Vice)*
BRADLEY ARANT BOULT CUMMING LLP
Truist Center
214 North Tryon Street, Ste. 3700
Charlotte, NC 28202
Telephone: (704) 338-6000
bmilam@bradley.com

Christian W. Hancock - 027744
BRADLEY ARANT BOULT CUMMING LLP
Truist Center
214 North Tryon Street, Ste. 3700
Charlotte, NC 28202
Telephone: (704) 338 6089
chancock@bradley.com

*Attorneys for Defendants Paramount Residential Mortgage Group, INC., and Cenlar FSB*

---

[3] *See* **Ex. B** (R. Crawford Dep. 10:16–21.)