Christian W. Hancock - 027744
BRADLEY ARANT BOULT CUMMING LLP
Truist Center
214 North Tryon Street, Ste. 3700
Charlotte, NC 28202
Telephone: (704) 338 6089
chancock@bradley.com

G. Benjamin Milam *(Admitted Pro Hac Vice)*
BRADLEY ARANT BOULT CUMMING LLP
Truist Center
214 North Tryon Street, Ste. 3700
Charlotte, NC 28202
Telephone: (704) 338-6000
bmilam@bradley.com

*Attorneys for Defendants Paramount Residential Mortgage Group, INC., and Cenlar FSB*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
PHOENIX DIVISION**

| | |
|---|---|
| George Calcut, *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> Paramount Residential Mortgage Group Incorporated, *et al* <br> Defendants. | Case No. 2:22-cv-01215 <br><br> **DEFENDANTS' CONTROVERTING STATEMENT OF FACTS IN SUPPORT OF THEIR RESPONSE TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Defendants Paramount Residential Mortgage Group, Inc. ("PRMG") and Cenlar FSB, ("Cenlar") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(b), respectfully submit their Controverting Statement of Facts, in response to Plaintiff's Statement of Facts [ECF 45] and in support of their contemporaneous Response to Plaintiffs' Partial Motion for Summary Judgment.

With respect to each of the numbered paragraphs in Plaintiffs' Statement of Facts, Defendants respectfully state as follows:

1. Defendants do not dispute that Cenlar, as sub-servicer, is not a party to the subject Note and Mortgage, nor that Plaintiffs did not choose Cenlar to sub-service their loan. Defendants dispute Paragraph 1 to the extent it asserts a legal conclusion that Cenlar is a "debt collector" with respect to this loan, as defined by law.

2. Defendants do not dispute the subject loan was a VA loan. The remainder of paragraph 2 contains a statement of law, to which no response is necessary; to the extent a response is required from Defendants, Defendants do not dispute that Cenlar services VA loans in accordance with VA regulations.[1]

3. Not disputed.

4. Defendants do not dispute letters sent out to Plaintiffs contained the following notice:

> Available options may vary depending on investor guidelines. Additional eligibility requirements and documentations may be required. Please be in touch with us before making any decisions. We are monitoring investor guideline changes to ensure we are considering all available options for you."[2]

See **Ex. A-4** (11.04.2020 Letter); **Ex. A-6** (05.15.2021 Letter).

5. Defendants do not dispute that, as PRMG's sub-servicer with regards to loss mitigation functions, Cenlar was expected to comply with the VA's regulations and guidelines.[3]

6. Disputed. In correspondence sent to Plaintiffs, Defendants stated that deferral of payments *may* be an option available to them but "available options may vary depending on investor guidelines."[4] This option was explicitly stated in referenced to programs announced by Fannie Mae and Freddie Mac that did not apply to Plaintiffs' loan. See **Ex. A-4** (11.04.2020 Letter); **Ex. A-5** (05.15.2021 Letter); Ex. **A-6** (05.15.2021 Letter).

7. Defendants do not dispute that on May 28, 2021, Plaintiff George Calcut made a

---

[1] See Pls.' Statement of Facts App. at 77 (Dep. of R. Crawford 46:17–23).
[2] See Pls.' Statement of Facts App. at 116–136.
[3] See Pls.' Statement of Facts App. at 42 (Dep. of R. Crawford 83:20–25).
[4] See Pls.' Statement of Facts App. at 116–136 (emphasis added).

phone call to PRMG's customer service line, in which Cenlar's representative stated that he could initiate a request for a "streamline modification."[5] Defendants do not dispute Plaintiff George Calcut, spoke to a Cenlar representative on July 17, 2021; however Defendants dispute Plaintiffs' misrepresentation of the contents of the call as the representative did not promise Plaintiffs a deferment of their payments and instead acknowledged that Plaintiffs would *not* receive a deferment.[6] Defendants further dispute Plaintiff's statement that "PRMG admits it does not know what a streamline modification is and does not know what is required for a borrower to be eligible for a CARES Act Forbearance" as it mischaracterizes the testimony of PRMG's corporate representative.[7]

8. Defendants dispute this statement as it mischaracterizes the PRMG corporate representative's testimony.[8]

9. Disputed. Plaintiffs admitted to ending their forbearance period so they could seek a refinance that would allow them to "cash out their mortgage." **Ex. A** (D. McCormick Aff.) at ¶ 12. [9]

10. Disputed. Plaintiffs were offered and accepted a VA Disaster Modification as a loss mitigation alternative. *See* **Ex. A-7** (06.01.2021 Trial Payment Plan Letter); **Ex. A-9** (Executed Loan Modification). Plaintiffs voluntarily ended their forbearance and had the option to keep their existing loan terms. Further, Plaintiffs were informed they may appeal Cenlar's decision to offer a VA Disaster Modification but elected not to do so. **Ex.**

---

[5] *See* Pls.' Statement of Facts App. at 139 (Transcription of 05.28.2021 call).
[6] *See* Pls.' Statement of Facts App. at 143 (Transcription of 07.17.2021 call).
[7] *See* Pls.' Statement of Facts App. at 49 (Dep. of R. Crawford 113:6–19).
[8] *See* Pls.' Statement of Facts App. at 48 (Dep. of R. Crawford 107:23–108:9).
[9] *See also* Pls.' Statement of Facts App. at 139 (Transcription of 05.28.2021 call).

{M76009784/00148021.DOCX. 11/25/2022}

**A-7** (06.01.2021 Trial Payment Plan Letter); *see supra* SOF 30.

11. Defendants do not dispute that the trial payment plan for the VA Disaster Modification offered to Plaintiffs on June 1, 2021 required three trial payments in the amount of $1,367.78 per month, and contemplated a projected interest rate of 3.5%. The permanent modification offered to and accepted by Plaintiffs provided for an interest rate of 3.375%. *See* **Ex. A-9.**

12. Defendants dispute the statement as it implies that Plaintiff George Calcut requested an extension to his CARES Act Forbearance at the time of the referenced call. Plaintiff George Calcut states in the call "I'm requesting termination [of] forbearance at the present time."[10]

13. Defendants dispute that Plaintiff George Calcut was promised that his interest rate would stay the same. On the referenced call, Cenlar's representative initially stated that the interest rate "should" stay the same but corrected this later in the call and told Mr. Calcut that his interest rate could increase. At the time of the call, Plaintiffs were in possession of Defendants' letter projecting an increase of their interest rate to 3.5%.

14. Defendants do not dispute that in the referenced call, Cenlar's representative informed Plaintiff George Calcut that his interest rate could increase in the modification after speaking with her supervisor, and despite not being initially aware that this was the case.

15. Defendants do not dispute the permanent mod terms as stated by Plaintiffs and in the referenced September 3, 2021 letter, and instructed Plaintiffs that they could accept by

---

[10] *See* Pls.' Statement of Facts App. at 186 (Transcription of 12.06.2021 Call).

submitting executed copies of the modification documents by September 17, 2021. The "monthly payment" amount stated by Plaintiffs is inclusive of principal, interest, and escrow.

16. Disputed. At the time that Plaintiffs were considered for a modification and were offered the VA Disaster Modification on June 1, 2021, VA regulations did not provide for either a partial claim or a deferment option. *See* 86 FR 282692-01 (2008) at 6301 (concluding that a partial claim program was not authorized by Congress and therefore not feasible); 38 CFR § 36.4310(a) (requiring loans to be amortized and prohibiting final installments exceeding two times the average of the proceeding installments). The VA Final Rule authorizing a partial claim program became effective on July 27, 2021, nearly two months after Defendants extended an offer for a VA Disaster Modification to Plaintiffs. Once authorized, the partial claim program was not mandatory, and Cenlar did not in fact offer the program until October 2021. *See* **Ex. A**., Diane McCormick Affidavit at ¶ 18. 38 CFR § 36.4310(a) has never been rescinded. Defendants acknowledge that during certain periods of the COVID-19 pandemic, the VA stated that it would temporarily waive enforcement of the regulation against servicers who wished to offer deferment as a COVID-19 loss mitigation option. These statements did not have the force and effect of law, and Defendants dispute that they were required to rely on such waiver.

17. Disputed for the reasons stated in response to Paragraph 16, and because Plaintiffs mischaracterize the contents of the referenced phone call, which did not state that a disaster modification was the only possible foreclosure alternative.[11]

---

[11] *See* Pls.' Statement of Facts at Appx. at 158.

18. Defendants do not dispute the date in which the VA announced the COVID-19 Veterans Assistance Partial Claim Program; however, Defendants dispute COVID-19 VAPCP was available to Plaintiffs at the time they requested loss mitigation assistance as it has not yet been implemented by Cenlar at the time. *Id.*; *see also* **Ex. A-7** (showing Plaintiff's were reviewed for and approved for a Disaster Modification before the COVID-19 VAPCP became effective).

19. Defendants do not dispute the content of the referenced VA circular. Defendants dispute Plaintiffs interpretation of the circular, and dispute that the circular had the force and effect of law.

20. Defendants dispute this statement to the extent is misconstrues Cenlar's corporate representative's testimony, and relies on an improper deposition question regarding a matter of legal interpretation.[12] Additionally, Defendants extended a trial payment plan for a VA Disaster Modification on June 1, 2021, prior to the date of the referenced circular. *See* **Ex. A-7** (06.01.2021 Trial Payment Plan Letter).

21. Defendants do not dispute that because the Plaintiffs were offered a VA Disaster Modification, they were not thereafter evaluated for or offered other loan modification alternatives. Defendants dispute that they were required to follow the "waterfall" referenced in VA Circular 26-21-33, either at the time they extended an offer of a VA Disaster Modification or afterward.

22. Defendants do not dispute Plaintiff George Calcut filed a complaint with the CFPB on July 24, 2021. Further, Defendants do not dispute PRMG timely responded to George

---

[12] *See* Pls.' Statement of Facts App. at 84 (Dep. of R. Crawford 76:1–17).

- 6 -

Calcut's denying any error as to Plaintiff's loan modification. *See* **Ex. A-12** (08.05.2021 CFPB Complaint Response). Defendants dispute the characterization of PRMG's statement regarding deferral programs for the reasons stated in Paragraph 16.

23. Defendants do not dispute that Mr. Calcut submitted both informal complaints and complaints to the CFPB, as stated in Paragraph 23. Defendants dispute the characterization of PRMG's statement regarding deferral programs for the reasons stated in paragraph 16. Defendants dispute the statement regarding the deposition testimony of PRMG's corporate representative, as it relies on an improper deposition question regarding a legal opinion.

24. Defendants do not dispute that for the month of July 2021, Cenlar mistakenly reported Plaintiffs' loan ad delinquent. However, on August 16, 2021, Cenlar submitted an ACDV response to correct the reporting of delinquency for July 2021. *See* **Ex. A-11** (ACDV Reports). On August 18, 2021, Trans Union issued a credit report showing the credit reporting issue had been corrected and the loan was reported as current and "paying as agreed." *See* **Ex. B** (Trans Union Documents). On August 25, 2021, Experian issued a credit report showing the credit reporting issue was corrected, and the loan was reported as current. *See* **Ex. C** (Experian Documents). On October 28, 2021, Equifax issued a report showing the credit reporting issue had been corrected, and the loan was reporting as current. *See* **Ex. D** (Equifax Documents). Defendants dispute Plaintiffs' statement regarding PRMG's deposition testimony as it relies on an improper deposition question regarding a legal opinion.

25. Not disputed.

26. Defendants do not dispute a letter to Plaintiff George Calcut was generated on or around August 4, 2021, stating that an inaccurate account status had been reported and that a correction was being submitted. Defendants dispute Plaintiffs have submitted admissible evidence as to Equifax's October 13, 2021. Credit Report, which was not produced by Equifax in response to Plaintiffs' subpoena. Defendants further dispute any allegation that Cenlar was continuing to report adverse credit as of October 2021, which is not supported by any facts or evidence in the record. *See* **Ex. A**., Diane McCormick Affidavit at ¶ 16.

27. Disputed for the reasons stated in Paragraph 26.

28. Not disputed.

## ADDITIONAL STATEMENT OF FACTS

29. Plaintiffs requested and were allowed to put their loan in forbearance in November 2020. Plaintiffs requested and were given two extensions on their forbearance period in March 2021, and May 2021. *See* **Ex. A** (D. McCormick Aff.) at ¶ 11; **Ex. A-4** (11.04.2021 Letter); **Ex. A-5** (03.15.2021 Letter), and **Ex. A-6** (05.11.2021 Letter).

30. On May 28, 2021, Plaintiffs contacted Cenlar stating they were interested in ending the forbearance and inquiring about loss mitigation options which would allow them to begin making payments once again. *See* **Ex. A** (D. McCormick Aff.) at ¶ 12.[13]

31. On June 1, 2021, Cenlar sent Plaintiffs a letter confirming they were approved for a trial payment plan, which, if completed would make Plaintiffs eligible for VA Disaster Modification. *See* **Ex. A-7** (06.01.2021 Trial Payment Plan Letter). The letter provided the

---

[13] *See also* Pls.' Statement of Facts App. at 139 (Transcription of 05.28.2021 call).

{M76009784/00148021.DOCX. 11/25/2022}

projected loan terms for the loan modification including the estimated new principal balance, an estimated an interest rate of 3.5%, and projected principal and interest payments. *Id.*

32. The letter further provided the following statement with regard to Plaintiffs' right to appeal Plaintiffs' loss mitigation eligibility:

> **Right to Appeal**
>
> You have the right to appeal our determination not to offer you the loan modification Trial Period Plan(s) listed above. If you would like to appeal, you must contact us in writing at the address provided below, no later than 06/25/2021, and state that you are requesting an appeal of our decision. You must include in the appeal your name, property address, and mortgage loan number. You may also specify the reasons for your appeal, and provide any supporting documentation. Your right to appeal expires 06/25/2021. Any appeal requests or documentation received after 06/25/2021 may not be considered.
>
> If you elect to appeal, we will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final and is not subject to further appeal.
>
> If you elect to appeal, you do not have to accept this Trial Period Plan until resolution of the appeal. If we determine on appeal that you are eligible for a different foreclosure prevention program, we will send you an offer for that program. In that case, you will have 14 calendar days from the date of the appeal decision to indicate your intent to accept either the Trial Period Plan offer (which may be revised to reflect new Trial Period Plan payment due dates and payment amounts if you have not already accepted it) or the new offer.
>
> If you wait to accept the current offer until after receiving our appeal decision, your loan will become more delinquent. Any unpaid interest, and other unpaid amounts, such as escrows for taxes and insurance, will continue to accrue on your mortgage loan during the appeal, and will be added to the balance of your loan if permitted by applicable law.

{M76009784/00014802
1.DOCX. 11/25/2022}

- 9 -

> Appeal documents may be sent:
> By Mail to: Loss Mitigation Department
> PO Box 77408
> Ewing, NJ 08628-6408
> or via Fax to: Loss Mitigation Department
> (609) 718-2655

*See* **Ex. A-7** (06.01.2021 Trial Payment Plan Letter).

33. Nonetheless, Plaintiffs did not appeal the decision and on September 15, 2021, accepted a permanent loan modification which capitalized past due amounts, extended the loan term, and increased the interest rate to 3.375%. **Ex. A-9** (Executed Loan Modification).

34. On September 18, 2021, in response to an additional credit dispute submitted by Plaintiff George Calcut, Cenlar again submitted an ACDV response showing the account was current and there was no past due amount for July 2021. **Ex. A-11** (ACDV Reports).

35. On May 31, 2022, Plaintiffs refinanced their loan with United Trust Bank ("UTB"). *See* **Ex. E** (UTB Mortgage). The new loan increased Plaintiffs' interest rate to 4.75%. Plaintiffs paid off the Loan, paid off $36,283.00 in credit card debt, and received $101,297.72 in cash from the refinance. *Id.*; *see also* **Ex. F** (UTB Closing Disclosures), **Ex. G** (George Calcut Dep.) at 47:17–48:6.

Respectfully submitted,

s/ G. Benjamin Milam
CHRISTIAN W. HANCOCK #027744
chancock@bradley.com
(704) 338-6116 (Phone)
(704) 338-6089 (Facsimile)
G. BENJAMIN MILAM *(Admitted Pro Hac Vice)*
bmilam@bradley.com
(704) 338-6000 (Phone)
(704) 332-8858 (Facsimile)
BRADLEY ARANT BOULT CUMMING LLP
Truist Center
214 North Tryon Street
Ste 3700
Charlotte, NC 28202

*Attorneys for Defendants*