# Exhibit A

| | |
|---|---|
| Christian W. Hancock - 027744<br>BRADLEY ARANT BOULT CUMMING LLP<br>Truist Center<br>214 North Tryon Street, Ste. 3700<br>Charlotte, NC 28202<br>Telephone: (704) 338 6089<br>chancock@bradley.com<br>*Attorneys for Defendants Paramount Residential Mortgage Group, INC., and Cenlar FSB* | G. Benjamin Milam *(Admitted Pro Hac Vice)*<br>BRADLEY ARANT BOULT CUMMING LLP<br>Truist Center<br>214 North Tryon Street, Ste. 3700<br>Charlotte, NC 28202<br>Telephone: (704) 338-6000<br>bmilam@bradley.com |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| GEORGE CALCUT AND GERI CALCUT<br><br>    Plaintiffs,<br><br>v.<br><br>PARAMOUNT RESIDENTIAL MORTGAGE GROUP, INC.,<br><br>AND<br><br>CENLAR FSB<br><br>    Defendants. | Case No. 2:22-cv-01215<br><br>**DECLARATION IN SUPPORT OF SUMMARY JUDGMENT** |

I, the undersigned, declare and state as follows:

1. I am a citizen of the United States, over 18 years of age, and competent to testify to the matters contained in this Declaration.

2. In my capacity as a Vice President – Document Execution for Cenlar FSB ("Cenlar"), I am authorized to make the representations contained in this Declaration. I am of the age of majority and under no disability.

3. I make this declaration based upon my experience as a Vice President – Document Execution and my knowledge and review of Cenlar's record-keeping systems and business records created and kept in the regular course of Cenlar's business.

DocuSign Envelope ID: 49DA7CCE-A0DF-4BB9-BEB1-5BD5CC4796DD

4. I have personally reviewed the relevant records of Cenlar, which include the relevant records in Cenlar's possession of prior loan servicers and the owners and beneficiaries of the loan, as they relate to the documents and other statements set forth herein.

5. I have personally reviewed the relevant business records of Cenlar, including the audio recording discussed herein and relevant portions of the servicing notes maintained by Cenlar.

6. Cenlar sub-serviced the loan at issue in this lawsuit. The information in this Declaration is taken from Cenlar's business records.

7. I have access to the business records for and relating to the Loan. I make this affidavit based upon my review of those records relating to the Loan and from my own knowledge of how these records are kept and maintained. The loan records for the Loan are (a) made at or near the time of the occurrence of the matters and recorded by persons with personal knowledge of the information in the business record, or from information transmitted by persons with personal knowledge; (b) kept in the course of Cenlar's regularly conducted business activities; and (c) created by Cenlar as a regular practice.

8. To the extent that the business records were created by prior servicers, holders, investors, owners, and/or lenders, those business records have been integrated into Cenlar's business records, consistent with regular business practices and Cenlar's policies and procedures. The business records are kept and relied upon as a regular practice and in the ordinary course of business conducted by Cenlar.

DocuSign Envelope ID: 49DA7CCE-A0DF-4BB9-BEB1-5BD5CC4796DD

9. On April 17, 2020, George A. Calcut and Geri M. Calcut ("Borrowers") obtained a mortgage loan ("Loan") from Paramount Residential Mortgage Group ("PRMG") evidenced by a promissory note for $253,300 and further secured by a deed of trust encumbering property located 6652 E. Virginia Street, Mesa, Arizona 85215 (the "Property"). True and correct copies of the Note and Deed of Trust are attached as **Exhibits 1** and **2**, respectively.

10. Cenlar began sub-servicing the Loan on behalf of PRMG on June 1, 2020.

11. On November 2, 2020, Borrowers requested a forbearance on their loan payments. Borrowers requested and were given two extensions on their forbearance period in March 2021 and May 2021. True and correct copies of the servicing notes and November 4, 2020 letter addressing the Calcuts' request for forbearance, and of the March 15, 2021 and May 11, 2021 letters confirming extensions of forbearance, are attached as **Exhibits 3, 4, 5,** and **6** respectively.

12. On May 28, 2021, George Calcut contacted Cenlar and stated he was interested in ending forbearance and finding options to re-start payments so that he could eventually refinance the property with a new loan. The following is an accurate partial transcription of the call between George Calcut and the Cenlar representative:

> Calcut: 8597. OK, here's my situation, as you're well aware. I'm in forbearance, and right now it's set up to be extended for 3 months beginning this month, ending with a payment due on 9-1. Now, my question is, if I wanted to stop that forbearance and clear my . . . clear that, what are my options at this point?
>
> Rep.: And just to confirm, are you currently in a position where you are no longer being financially impacted and you wanted to end your forbearance?

| | | |
|---|---|---|
| Calcut: | | Well, it's maybe, maybe not. It depends. I'm debating all this right now; whether or not to make . . . Let me tell you what my plans are. I plan to cash out the mortgage. You're familiar with that, I assume. To do a re-finance and cash it out. And receive moneys to be able to do a number of different things. OK, the only thing, the only problem that I've run into on that is that I have to make three payments following the end of forbearance in order to be able to refinance and cash out – uh, refinance the arrangement. |

13. Following the May 28, 2021 conversation, Cenlar considered the Calcuts for loss mitigation options to bring their loan current and allow them to begin making payments again. On June 1, 2021, Cenlar sent Borrowers a letter confirming they were approved for a VA Disaster Modification, contingent on completion of a trial payment plan, with the first payment due July 1, 2021. The trial payment plan letter provided projected loan terms, including an estimated new principal balance of $256,504.81, an estimated interest rate of 3.5%, and estimated monthly principal and interest payment of $1,151.82. A true and correct copy of the trial payment plan letter is attached as **Exhibit 7**.

14. The Calcuts completed their trial payments and on September 3, 2021, were offered a permanent modification. Under the terms of the modification past due amounts were capitalized into a new principal balance of 255,621.04, the interest rate was modified to 3.375%, the monthly principal and interest payment was modified to $1,130.09, and the maturity date was extended to October 1, 2051. Borrowers accepted the permanent modification by signing it on September 15, 2021. True and correct copies of the September 3, 2021 modification offer letter and the recorded modification agreement are attached as **Exhibits 8** and **9**.

15. As of July 2021, the loan was contractually due for the January 2021 payment. A true and correct copy of the loan payment history showing the loan payment status as of

July 2021 is attached as **Exhibit 10**.

16. It is Cenlar's practice to suppress credit reporting for loans in forbearance under the CARES Act or in a subsequent trial payment plan. However, Cenlar mistakenly reported the loan as 180 days delinquent for the month of July 2021 to the credit bureaus to whom Cenlar furnishes data regarding the Loan. Cenlar and PRMG acknowledged the error and submitted corrections to the credit bureaus on August 16, 2021 in response to a credit dispute submitted by Mr. Calcut. Cenlar reaffirmed these corrections in response to additional credit disputes submitted by Mr. Calcut on September 18, 2021, and October 28, 2021. True and correct copies of Cenlar's Automated Credit Dispute Verification submissions to the credit bureaus are attached as **Exhibit 11**.

17. Borrowers submitted complaints to the Consumer Financial Protection Bureau regarding both credit reporting and their contention that they should have been offered a "deferment" option for their past due loan payments. Cenlar and PRMG timely responded to these complaints on August 5, 2021 and October 26, 2021, acknowledging the credit reporting error but denying any error with regards to loss mitigation. True and correct copies of these responses are attached as **Exhibit 12** and **13**.

18. On or about October 12, 2021, Cenlar began offering the COVID-19 Veterans Assistance Partial Claim Program as a loss mitigation option to borrowers with VA loans.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Executed on 6/22/2023 | 3:24 PM EDT, 2023.

DocuSigned by:
Diane McCormick
0890B376A8984F4...
Name: Diane McCormick
Title: Vice President - Document Execution

- 5 -